In the Matter of Herbert PRITCHETT and Toni Pritchett, Debtors.

STATE OF ILLINOIS, DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Plaintiff,

v.

Herbert PRITCHETT, Defendant.

Bankruptcy Nos. 79 B 41759, 80 A 1477.

United States Bankruptcy Court, N. D. Illinois, E. D.

Feb. 4, 1981.

Alan E. Grischke and Noel Ann English, Spec. Asst. Atty. Gen., Chicago, Ill., for Illinois Dept. of Mental Health.

Louis E. Neuendorf, Sandwich, Ill., for debtors.

## OPINION AND ORDER

RICHARD L. MERRICK, Bankruptcy Judge.

This cause came on to be heard on the Defendant's Motion to Dismiss the Plaintiff's Complaint to Determine Dischargeability of Debt. The debt arises out of an obligation to make payment for health care provided to the mother of the defendant-debtor, Herbert Pritchett (hereinafter "Pritchett"), by the Illinois Department of Mental Health and Developmental Disabilities (hereinafter "the Department").

The facts as pleaded in the Complaint show that Pritchett's late mother, Ella Pritchett, received services from the department at its Elgin Mental Health Center, and that Mrs. Pritchett was required to pay for those services. Illinois Mental Health Code, Ill.Rev.Stat. ch. 91½ § 5–105. Pritchett was certified as the representative payee of his mother's Social Security benefits and received the benefits for her as a fiduciary. Although he was obliged to use the funds to pay any liabilities incurred by his mother for health care or maintenance, 26 C.F.R. § 404.1603, 04, 06 (1980), Pritchett refused to pay the Department for the services given her and kept the Social Security payments for his own use.

On December 12, 1979, Pritchett and his wife filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code and scheduled the debt to the department. It was listed as a $6,000.00 unsecured claim, the consideration for which was "care of mother of petitioner, Herbert Pritchett." Pritchett and his wife were discharged on March 6, 1980, and the estate was closed. On July 29, 1980, the Court reopened the estate on motion of the department in order to allow the department to file its com-

plaint to determine dischargeability of debt. The complaint was filed on August 28, 1980, and Pritchett responded with his motion to dismiss on September 16. He cites two grounds to support his motion:

(1) The department does not have standing to raise the issues contained in its complaint; and

(2) The only party that would have standing to raise the issue of alleged misappropriation of funds due Ella Pritchett would be Ella Pritchett's estate.

The facts presented in the complaint will be taken as correct because for the purposes of this decision, the motion to dismiss admits all facts properly pleaded but does not admit conclusions of law. 2A Moore's Federal Practice ¶ 12.08 at 2267 (2d ed. 1980). But the Court should point out that Pritchett has raised the defenses in his motion improperly. Rule 12(b) of the Federal Rules of Civil Procedure (incorporated by reference in Rule 712(b) of the Rules of Bankruptcy Procedure) provides the "[e]very defense, in law or in fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto ...." Seven specific defenses may be made by a pre-answer motion. The defenses supporting Pritchett's motion to dismiss are not included. Thus these defenses should have been raised in an answer rather than in a motion to dismiss. Nevertheless, the Court will waive the error and deal with the issues raised by Pritchett's motion.

The Court can only guess whether there are legal authorities supporting Pritchett's position. Pritchett's attorney did not submit a brief or memorandum of law in support of the motion to dismiss and he failed to appear for two hearings on his motion. But the law on the issue of standing is fairly clear, and after consideration of the relevant case law and statutes this Court holds that Pritchett's motion to dismiss should be denied for the following reasons.

The United States Supreme Court has considered the issue of standing on a number of occasions and its decisions show that a plaintiff must meet several requirements.

The plaintiff must have "such a personal stake in the outcome of the controversy as to insure the concrete adverseness which sharpens the presentation of issues." *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). More recent cases have established the requirement of an "injury on fact" to the plaintiff. *Schlesinger v. Reservists*, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974); *U. S. v. Richardson*, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974). The plaintiff must also show that his grievance will be redressed by a favorable decision. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

■ Here the Department has provided services for which Pritchett is liable in his capacity as representative payee of his mother's Social Security benefits. Pritchett admitted the debt to the Department in his schedules and does not dispute it. The Department will be injured by the discharge of Pritchett's debt; there is no question that the inability to collect a liquidated, non-contingent, non-disputed debt is a real and actual injury of the kind required by the Supreme Court. A determination by this Court that Pritchett's debt is nondischargeable would eliminate the Department's grievance, thus meeting the Supreme Court's other test for standing.

■ Although the Department meets the constitutional tests for standing, the Court would also point out that the Department qualifies to bring its complaint under the relevant Bankruptcy statutes. Rule 409(a)(1) of the Rules of Bankruptcy Procedure provides that "(a) bankrupt or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt." The Bankruptcy Code defines "creditor" to be an "entity that has a claim against the debtor that arose at or before the order for relief concerning the debtor." 11 U.S.C. § 101(9)(A) (Supp. II 1978). The Department qualifies as an entity with a claim against the debtor. In-

deed, it is difficult to imagine who would have standing to request a determination of dischargeability of a debt if the party to whom the debt is owed does not have such standing.

Turning to Pritchett's contention that only Ella Pritchett's estate can raise the issue of alleged misappropriation of funds due her, the issue may be simplified by visualizing the circumstances where the recipient of the Social Security payments does not have a conservator, attorney-in-fact, or other judiciary acting for her. Under those circumstances nobody would question the right of the Department to sue her for reimbursement of its expenses in providing care for her. The interposition of a fiduciary does not change the basic structure. The Department may sue the fiduciary for payment; not in his individual capacity, but in his fiduciary capacity; that is, not in his individual capacity until he commits a breach of trust. After he has committed a breach of trust, he is liable to anybody who has been injured by his breach of trust, either the beneficiary of the trust or the creditor of the beneficiary. In the instant case the beneficiary of the trust would not have been injured because she had not been forced to make payment. The Department is the real party in interest because it has provided services and has not been paid. As a matter of form and to make certain that all possible issues are raised and disposed of, it might be advisable to make the personal representative of the Estate of Ella Pritchett a party to the proceedings, but he is not a necessary party.

An advantage to the Department in making the estate a party to the proceedings is that it probably could obtain a judgment against the estate, although as a matter of economics that might not be enforceable. A judgment against the debtors holding the debt to be non-dischargeable might not be enforceable either as a matter of economics. Those are practical problems which lie beyond the scope of this opinion.

This Court has already discussed the constitutional tests for standing. The plaintiff must have suffered an "injury in fact" which is likely to be redressed by a favorable decision. If the Department has been injured by the alleged misappropriation of funds due a third person, then the Department has standing to raise this issue in its lawsuit. Here the Social Security payments should have been used for Ella Pritchett's benefit; if they were not, then her estate would have standing to raise this issue. Yet the Department also had a claim to those benefits, and if the Department was injured by the alleged misappropriation of the payments, then the Department also has standing to raise this issue on its complaint. The Department is raising the issue of injury to itself rather than injury to a third person.

For the foregoing reasons, this Court holds that Pritchett's motion to dismiss the Department's complaint should be and hereby is DENIED. IT IS FURTHER ORDERED THAT Pritchett file an answer or other responsive pleading within 25 days from the date of this order, and that the parties appear in this court for a hearing on status on March 6, 1981 at 11:00 a. m.